LOUISVILLE & NASHVILLE R. R. Co. v. T. S. BLAIR, et als.

AGENCY. *Liability of agent for acts of sub-agent. When does not exist.* Where authority to employ sub-agents to transact the business of an agency is shown to exist, either expressly or by implication, a privity is created between the principal and the sub-agents so appointed, which makes them directly liable to the principal for negligence or misconduct, and the agent, unless he, with a knowledge of their incompetency or dishonesty had fraudulently procured their appointment, or was implicated in their improper acts, would not, himself, be responsible for their commission.

Authority cited: Story on Agency, §§201, 217a.

FROM DAVIDSON.

Appeal from the Chancery Court. W. F. COOPER, Chancellor.

STUBBLEFIELD for Blair.

ED. BAXTER for the Company.

NICHOLSON, C. J., delivered the opinion of the Court.

Complainants seek to hold T. S. Blair and his

sureties responsible for defalcations occurring in his management, as station agent of the R. R. Co. at the depot at Nashville. The proof shows that Blair had the general control of the business at the depot; but it is made to appear that the defalcations complained of occurred through the negligence or want of integrity, in the conduct of one or two sub-agents, who were employed in transacting the business. One was the cashier or book-keeper, and the other known as the transfer agent. The bills for freight were made out and handed by the former to the latter for collection, and when collected, the money was paid over to the cashier or book-keeper. These sub-agents were under the general control of Blair, but their duties were well understood and defined, while Blair had other duties which occupied all his time. It is not clearly shown, whether these sub-agents were directly appointed by the General Superintendent of the Company, or whether they were only appointed by the Superintendent on the recommendation of Blair. The proof is conflicting as to this. But, whether appointed in the one way or the other, it is clear that they were appointed, and discharged their duties, with the knowledge and approval of the Company.

It is said by Mr. Story, in §201, of his Agency, that, in cases in which it is customary to employ a sub-agent to transact the business of the agency, the agent is not ordinarily responsible for the negligence or misconduct of the sub-agent, if the employment of the sub-agent is authorized by the principal, either ex-

L. &. N. R. R. Co. *v.* Blair.

pressly or impliedly. But, in such cases, the sub-agent will be himself, directly responsible to the principal for his own negligence or misconduct; for whenever any such express or implied authority to appoint a sub-agent is allowed or given by the principal, a privity is created between them.

The same rule is laid down in §217a, with this qualification, if the agent has participated or co-operated with the sub-agent in his improper acts, or misconduct, or deviation from duty, the agent himself may be responsible. And we may add, that, if the agent was guilty of fraud in recommending or procuring an incompetent or faithless sub-agent for assistant, he might thereby make himself responsible.

The proof in the present case shows satisfactorily, that the two sub-agents were either directly employed by the Company, or their appointments were made at the instance of the Company, and there is no proof that Blair either had any knowledge of the misconduct which resulted in the defalcations, or that he in any way participated in or co-operated with either of them in such misconduct.

We are, therefore, of opinion, that there was no error in the decree of the Chancellor in dismissing the bill, and the same is affirmed with costs.